**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4867**

———————

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

EDWARD CAPERS,

　　　　　　　Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.　William D. Quarles, Jr., District Judge.　(1:10-cr-00056-WDQ-1)

———————

Submitted:　October 31, 2011　　　　Decided:　November 17, 2011

———————

Before DAVIS, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Susan A. Hensler, Staff Attorney, Baltimore, Maryland, for Appellant.　Rod J. Rosenstein, United States Attorney, Benjamin M. Block, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Capers was found guilty by a jury of being a felon in possession of a weapon, in violation of 18 U.S.C. § 922(g) (2006). On appeal, he contests certain statements made by the Government in closing arguments, alleging they deprived him of a fair trial. For the reasons that follow, we affirm.

We note that a district court possesses broad discretion to control closing argument, and its exercise of discretion will not be overturned absent a clear abuse. United States v. Baptiste, 596 F.3d 214, 226 (4th Cir. 2010). A defendant, to succeed on a claim of prosecutorial misconduct, must show that the prosecutor's remarks were improper and that they prejudicially affected his substantial rights so as to deprive him of a fair trial. United States v. Scheetz, 293 F.3d 175, 185-86 (4th Cir. 2002) (citing review factors). In this case all but one comment is subject to plain error, as the trial counsel failed to object to the comments at the time. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731–32 (1993).

We find no plain error committed by the district court during closing arguments. Regarding the prosecutor's comments inviting the jurors to put themselves in the shoes of the victims — the so-called "golden rule" comments — we find no abuse of discretion. The court sustained Capers' objection to

2

the argument, and the evidence of Capers' guilt was overwhelming. Thus, we do not find that this argument deprived Capers of a fair trial. Scheetz, 293 F.3d at 185.

Accordingly, we affirm Capers' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED